UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JANET CINQUINI,**

        Plaintiff,

vs.                              CASE NO. _____

**STEPHENS & MICHAELS**
**ASSOCIATES, INC.,**

        Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

**INTRODUCTION**

1.    Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k.  Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3.    Plaintiff, Janet Cinquini is a natural person and a citizen of the State of Florida, residing in Hillsborough County in the Middle District of Florida.

4.    Defendant, Stephens & Michaels Associates, Inc. is a foreign business corporation organized and existing under the laws of the State of New Hampshire with its principal place of business at 7 Stiles Road, Salem, Rockingham County, New Hampshire.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on or about the dates stated:

> December 18, 2012 at 6:22 PM
> Hello, we have a very important call for you. [Music plays] Good afternoon, is Janet available? Hello, is Janet available?
>
> March 13, 2013 at 4:03 PM
> Hello we have a very important call for you. Please do not hang up. We really apologize for the delay. [Unintelligible] [Music plays] Hello may please speak to Janet?
>
> April 9, 2013 at 12:47 PM
> Hello we have a very important call for you. Please do not hang up. We really apologize for the delay. Someone will be with you momentarily. [Music plays] This call has ended.

11. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12. The messages are "communications" as defined by 15 U.S.C. § 1692a(2). See Yarbrough v. FMS, Inc., 2010 U.S. Dist. LEXIS 123459 (S.D. Fla. 2010) (finding that

the following message constituted a "communication": "To speak to a representative regarding this call, please press 1. If you are not interested in speaking with a representative, we will disconnect at this time.").

13. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

## COUNT I
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
## IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

14. Plaintiff incorporates Paragraphs 1 through 13 above as if fully set forth herein.

15. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and purpose in the telephone messages in violation of 15 U.S.C §1692d(6).  *See* Valencia v The Affiliated Group, Inc., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (N.D.Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR
## IN VIOLATION OF 15 U.S.C. § 1692e(11)

16. Plaintiff incorporates Paragraphs 1 through 13 above as if fully set forth herein.

17. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.*, <u>Foti v. NCO Fin. Sys.</u>, 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); <u>Leyse v. Corporate Collection Servs.</u>, 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                     *s/ James Giardina*
                     James S. Giardina – Trial Counsel
                     Fla. Bar No. 0942421
                     **The Consumer Rights Law Group, PLLC**
                     3104 W. Waters Avenue, Suite 200
                     Tampa, Florida 33614-2877
                     Tel: (813) 435-5055 ext 101
                     Fax: (866) 535-7199
                     James@ConsumerRightsLawGroup.com
                     *Counsel for Plaintiff*